Brassard, J.
On December 7, 1999 this matter was before the court on the plaintiffs’ motion to exclude the expert testimony of defense expert Dr. Nancy Balter (“Dr. Balter”). Plaintiffs argue that Dr. Balter’s testimony should be excluded because it is based on flawed methodology, and is therefore unreliable. See Commonwealth v. Lanigan, 419 Mass. 15 (1994). Specifically, plaintiffs allege that Dr. Balter ignored epidemiological evidence in her analysis of biological plausibility. Defendant American Home Products, Inc. responds that Dr. Balter is qualified as an expert and that her testimony satisfies the standards for scientific reliability. Id.
*204 DISCUSSION
A defendant may produce credible evidence which tends to discredit or rebut the plaintiffs evidence. See U.S. v. Morris, 977 F.2d 677 (1st Cir. 1992). In this case, Dr. Balter seeks to use the results of animal studies to refute the biological plausibility of certain theories presented by plaintiffs’ experts. Specifically, Dr. Balter seeks to refute testimony that fenfluramine causes pulmonary hypertension by increasing the exposure of lung tissue to seratonin or by inhibiting the activity of a specific potassium channel.
Plaintiffs argue that Dr. Balter’s methodology is not sound because she did not include the results of an epidemiological study in her analysis.[3] Defendants respond that epidemiological data must be included in an analysis of biological plausibility only when the expert is presenting an opinion as to cause and effect, and that Dr. Balter will not present such an opinion. See Flue-Cured Tobacco Co-op. Stabilization Corp. v. EPA, 4 F.Sup.2d 435, 456 (M.D.N.C. 1998) (theory concerning biological plausibility must itself be plausible, independent of epidemiological data); see also Nehmer v. U.S. Veterans’ Administration, 712 F.Sup. 1404, 1416 (N.D. Cal. 1989). In this case, Dr. Balter will testify only to the biological plausibility of plaintiffs’ theories, not to the causal relationship between fenfluramine and pulmonary hypertension.
Plaintiffs’ experts propose to offer theories as to the biological mechanisms by which fenfluramine increases the risk of developing pulmonary hypertension. Dr. Balter, a pharmacologist, is qualified to respond to the biological plausibility of those theories without considering epidemiological data.
ORDER
For the foregoing reasons, the motion of the plaintiffs to exclude the expert testimony of Dr. Nancy Balter is DENIED.

The International Primary Pulmonary Hypertension Study, reported in the New England Journal of Medicine in August 1996, found a statistically significant association between the ingestion of fenfluramine and the development of pulmonary hypertension.